# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# NORTHERN DIVISION

**JOHN DAVID RAGLAND**                                                **PETITIONER**

**V.**                                             **CIVIL ACTION NO. 3:18CV491 HTW-LRA**

**VICTOR MASON, SHERIFF**                                         **RESPONDENT**

## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

This cause is before the Court on Petitioner's John David Ragland's Amended Petition for Writ of Habeas Corpus relief filed on July 25, 2018. Respondent initially moved to dismiss the petition for failing to exhaust state court remedies and to state a claim upon which relief may be granted. The parties advise that the state charges against Petitioner have now been remanded to the "inactive docket," and he is no longer in custody on the charges raised in the instant petition. In light of his release, Respondent moves to dismiss the petition with prejudice. Upon review of the pleadings and applicable case law, the undersigned recommends that the petition be dismissed as moot for the following reasons.

Petitioner was a pre-trial detainee in the custody of the Hinds County Detention Center facing four indictments for robbery in Hinds County Circuit Court. Although appointed counsel on the underlying charges, Petitioner filed the instant petition, *pro se*, alleging 15 grounds, including false arrest, illegal detainment, and violation of his right to a speedy trial. In his prayer for relief, Petitioner seeks the immediate release from

custody and one million dollars in damages for mental anguish, pain and suffering, and the loss of liberty.

"Under Article III of the Constitution, federal courts may adjudicate only actual, ongoing cases or controversies." *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477 (1990) (citation omitted). The "case or controversy" requirement subsists throughout the case during all stages, and a case becomes moot if it no longer presents a case or controversy. *Spencer v. Kemna*, 523 U.S. 1, 7 (1998) (citing *Lewis*, 494 U.S. at 477-78). Generally, any set of circumstances eliminating the controversy after the lawsuit is filed renders the case moot. *Center for Individual Freedom v. Carmouche*, 449 F.3d 655, 661 (5th Cir. 2006). "A case becomes moot 'when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome.'" *Valentine v. Pearson*, No. 5:10cv160 DCB-JMR, 2011 WL 2680716, at *2 (S.D. Miss. May 11, 2011) (quoting *United States v. Parole Comm'n v. Geraghty*, 445 U.S. 388, 396 (1980)).

Under the *Spencer* case, a petitioner presents an Article III controversy when he demonstrates "some concrete and continuing injury other than the now-ended incarceration or parole ─ some 'collateral consequence' of the conviction —if the suit is to be maintained." 523 U.S. at 7. For the courts to exercise jurisdiction over a petitioner no longer in custody, that petitioner must demonstrate both that he was in custody when he filed the petition, and that his subsequent release has not rendered the petition moot. *Zalawadia v. Ashcroft*, 371 F.3d 292, 297 (5th Cir. 2004).

Although Petitioner was in custody when he filed the petition, he has not made the requisite showing since his release from custody. Consequently, he has not demonstrated

that his petition presents a concrete and continuing injury for this Court to retain jurisdiction.

Finally, because Petitioner has not submitted a current address to the Clerk since his release, his petition is also subject to dismissal for want of prosecution and failure to comply with the Local Rules. *See McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988) (explaining that, pursuant to Rule 41 of the Federal Rules of Civil Procedure, a district court possesses inherent authority to dismiss an action for failure to prosecute or for failure to comply with a court order) (citing *Link v. Wabash Railroad Co.*, 370 U.S. 626, 630-31 (1962)). Whether or not a plaintiff is *pro se*, or incarcerated, he still has an obligation to inform the Court of any address changes. "Every attorney and every litigant proceeding without legal counsel has a continuing obligation to notify the clerk of court of address changes." *See* Local Rule 11(a); *Wade v. Farmers Ins. Group*, 45 F.App'x 323 (5th Cir. 2002) (on appeal from district court's denial of a motion for reconsideration of dismissal for failure to prosecute -- even incarcerated litigants must inform the court of address changes).

In light of the mootness of Petitioner's claims, the undersigned recommends that his Petition be dismissed with prejudice, or in the alternative, without prejudice, for failure to maintain a current address with the clerk of the court. Should Petitioner file a timely objection to this Report and Recommendation, providing a current address and

showing why his claims are not moot, the undersigned recommends that the petition be dismissed for the reasons set forth in Respondent's Motion to Dismiss.[1]

## NOTICE OF RIGHT TO APPEAL/OBJECT

Pursuant to Rule 72(a)(3) of the *Local Uniform Civil Rules of the United States District Courts for the Northern District of Mississippi and the Southern District of Mississippi*, any party within 14 days after being served with a copy of this Report and Recommendation, may serve and file written objections. Within 7 days of the service of the objection, the opposing party must either serve file a response or notify the District Judge that he or she does not intend to respond to the objection.

The parties are hereby notified that failure to file timely written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. 28 U.S.C. § 636, Fed. R. Civ. P. 72(b) (as amended, effective December 1, 2009); *Douglas v. United Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

Respectfully submitted on July 3, 2019.

                                                        s/ Linda R. Anderson
                                         UNITED STATES MAGISTRATE JUDGE

---

[1] The undersigned is mindful of the futility in providing Petitioner an opportunity to notify the Court of collateral consequences given that the Court is unable to notify him of such because he has failed to maintain a current address with the Court. Nevertheless, Petitioner should be afforded the opportunity should he file a timely objection to this report and recommendation.